[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-11660

_____

D. C. Docket No. 03-00996-CV-T-23-MSS

KATHLEEN MILLER,
ROD MILLER,
husband of Kathleen Miller,

 Plaintiffs-Appellants,

versus

SCOTTSDALE INSURANCE COMPANY,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July27, 2006)**

Before EDMONDSON, Chief Judge, and TJOFLAT and KRAVITCH, Circuit
Judges.

PER CURIAM:

This case returns to us after we certified a question to the Florida Supreme Court regarding the interpretation of § 627.848, Fla. Stat. (2002). The question we certified read: "Whether § 627.848, Fla. Stat. (2002) contemplates a single date of cancellation for the insurance contract as a whole or whether the contract can be cancelled as to different insureds at different times depending on when a statutorily required notice is given to that insured?" Miller v. Scottsdale Ins. Co., 410 F.3d 678, 681-82 (11th Cir. 2005) (per curiam).[1]

The Florida Supreme Court answered that "the plain language of section 627.848, Florida Statutes (2002), contemplates a single cancellation date for the insurance policy as a whole" and that "all statutory, regulatory, or contractual requirements for cancellation must be satisfied before a policy may be canceled." Miller v. Scottsdale Ins. Co., No. SC05-936, 2006 WL 1375241, at *5 (Fla. May 18, 2006). Here, the district court construed the statute to allow for two different cancellation dates, one of which occurred before the insurer, Scottsdale Insurance, complied with all contractual requirements for cancellation and granted summary judgment in favor of the insurer. Miller, 410 F.3d at 679. This ruling plainly conflicts with the Florida Supreme Court's answer to our certified question. Therefore, we **reverse** the district court and **remand** for further proceedings

---

[1] The facts are set out in our initial opinion. Miller, 410 F.3d at 678-79.

consistent with the Florida Supreme Court's decision.